

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

January 24, 1939

Honorable Esco Walter
County Attorney
Taylor County
Abilene, Texas

Dear Mr. Walter:

Opinion No. 0-146
Re: Chauffeur's License

Your letter of January 14, 1939 asking for an opinion in regard to a chauffeur's license has been received by this office.

That part of your letter which states the facts involved and the question you desire answered is as follows:

"A man by the name of Banowsky, who owns and operates a bottling plant in Abilene, and who owns his own truck registered for 8,000 pounds under the registration law, drives and operates this truck in delivering Pepsi Cola to his customers here in Taylor County. Banowsky personally delivers the Pepsi Cola to the customers and the customers pay him in cash for the Pepsi Cola when it is delivered .

Under the Chauffeur's License Law is Mr. Banowsky required to apply for and receive a chauffeur's license before he drives and operates this truck as above outlined?"

We appreciate your able brief on this question which you submitted to us. We agree with your conclusion.

Honorable Mace Walter, January 24, 1939, Page 2.

The term "chauffeur" is defined in paragraph (g) of Section 1 of the Article 6687a, Revised Civil Statutes (as amended Acts 1937, 45th Legislature, page 752, Chapter 369, paragraph 1-A)as follows:

"Chauffeur. Any person who operates a motor vehicle for any purpose, whole or part time, as an employee, servant, agent, or independent contractor, whether paid in salary or commission; and every person who operates a motor vehicle while such vehicle is in use for hire or lease."

According to this definition, Mr. Banowsky is not a "chauffeur" unless he can be construed as operating his truck as an "employee," a "servant," an "agent," or an "independent contractor."

Under the facts given he is not an "employee" or a "servant," who are described in Tex. Jur. 10, as follows:

"In the language of the law the word "servant" is used to embrace all classes of employees. It is synonymous with "employee," and includes all persons of whatever rank or position who are subject to the direction and control of another in any department of labor or business."

Under the facts stated Mr. Banowsky is not under the direction or control of anybody.

Likewise,he is not an "agent." A definition of an agent is set out in Reed vs. Hester (Tex. Comm. App.). 44 S. W.(2nd) 1107, as follows:

"An agent is defined as one who undertakes to transact some business or to manage some affair for another by the authority and on account of the latter and to render an account of it. 21 R. C. L. p. 817; Tex. Jur. 5, pp. 384 and 385."

We also think that he is not an "independent contractor." A well known definition of this term is stated in Moreno vs. Terminal Building Corporation, 59 S. W. (2nd) 898, as follows:

"An independent contractor is a person employed to perform work on the terms that he is to be free from the control of the employer as respects the manner in which the details of the work are to be executed." 19 A. L. R. 235, note.

This definition describes an "independent contractor" as a person who is "employed," and although his freedom from control is the most pronounced part of the definition we think that there

must also be the element of employment by virtue of a contract. Mr. Banowsky in this case was not "employed" and as far as the facts show he was not working under any kind of contract of employment.

In view of the authorities Mr. Banowsky is not "an employee, servant, agent, or independent contractor," and therefore does not come within the first part of the definition of a "chauffeur." The second and last part of the definition applies to operators of motor vehicles when the "vehicle is in use for hire or lease." In this case it is Mr. Banowsky's own vehicle and no hireing or leasing is involved.

Our answer to your question is that Mr. Banowsky is not required to obtain a chauffeur's license before operating his truck as outlined by you.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Cecil C. Rotsch*

Assistant

CR:GFS

APPROVED:

*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS